## Bunting v. Upper Darby Township

*John M. Gallagher, Jr.,* for plaintiffs.
*Joseph P. Mylotte,* for defendants.

KELLY, *J.,* October 14, 1976 — Plaintiffs commenced this action in mandamus against the Township of Upper Darby and the duly elected members of the Board of Commissioners of Upper Darby Township to compel them to fill "vacancies" in the Bureau of Detectives of the Upper Darby Township Police Department following the procedures prescribed by the civil service provisions of The First Class Township Code.

A hearing was held before this court on Wednesday, April 28, 1976, at which time testimony was taken. From the evidence presented, the court makes the following

### FINDINGS OF FACTS

1. Plaintiffs, Francis C. Bunting, George E. Tague, George A. Thomas, Frank M. Stetyick and Richard F. Saraceni, are employed by the Township of Upper Darby as patrolmen in the township police department.

2. On July 26, 1974, Francis C. Bunting, George E. Tague and George A. Thomas were assigned to

the detective bureau by Superintendant Joseph A. Charley, effective Monday, July 29, 1974.

3. Frank Stetyick was assigned to the detective bureau for 30 days effective August 9, 1974.

4. Ricard F. Saraceni was assigned to the detective bureau by the superintendent in October 1974, for 30 days and February 19, 1975, for 30 days.

5. On October 23, 1975, Superintendent Joseph A. Charley assigned Francis C. Bunting, George E. Tague, and George A. Thomas to platoons 4, 2 and 1, respectively.

6. On March 23, 1974, at the request of the Board of Commissioners, the Civil Service Commission held a promotional examination for the rank of detective.

7. On August 20, 1974, the Board of Commissioners received from the Civil Service Commission the eligibility list for the rank of detective and said list was received and made a part of the minutes by action of the board of commissioners.

8. The superintendent of police, Joseph A. Charley, requested that defendants promote to the rank of detective three individuals who ranked one, two and three on the eligibility list.

9. No action was taken by the board of commissioners on the request of Superintendent Joseph A. Charley.

10. The five plaintiffs herein were assigned to the detective bureau by Superintendent Joseph A. Charley.

11. There are no ordinances, resolutions or other directives setting forth either an authorized strength or required strength figure for the Detective Bureau of the Upper Darby Township Police Department.

12. In 1969, there were ten individuals assigned

to the detective bureau as detectives, all of whom were appointed by the board of commissioners either in accordance with The First Class Township Code or the civil service provisions.

13. At the time of the filing of the action in mandamus, there were five individuals assigned to the detective bureau who had been appointed by the Board of Commissioners of the Township of Upper Darby.

## DISCUSSION

The civil service provisions of The First Class Township Code provides for the appointment of applicants to promotional positions in the township police force as follows:

"Every position or employment in the police force . . . except that of chief of police . . . *shall* be filled only in the following manner: The township commissioners *shall* notify the [civil service] commission of any vacancy which is to be filled and *shall* request the certification of a list of eligibles. The commission *shall* certify for each existing vacancy from the eligible list the names of three persons thereon who have received the highest average. The township commissioners *shall*, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 637 of this subdivision [53 P.S. §55637]. Should such objections be sustained by the commission, as provided in said section, the commission *shall* thereupon strike the name of such person from the eligible list and certify the next highest name for each name striken off. *As*

*each subsequent vacancy occurs in the same or another position, precisely the same procedure shall be followed."* June 24, 1931, P.L. 1206, art. VI, sec. 638, added May 27, 1949, P. L. 1955, sec. 20, 53 P.S. §55638.

The sole issue is whether mandamus will lie to compel the governing body of a political subdivision to promote to the rank of detective certain police officers who have taken and passed a civil service promotional examination for that position.

It is the contention of plaintiffs that the Upper Darby Township Board of Commissioners is delinquent in failing to appoint plaintiffs who are on a list of eligible persons to the position of detectives, and, further, that the commissioners must make such an appointment when a vacancy exists. It is further the contention of plaintiffs that a vacancy exists in that there are only five individuals serving in the detective bureau who have been appointed to said bureau by the board of commissioners, whereas at some time in the past there were ten.

Whether relief will be granted in an action of mandamus is a matter for the exercise of the sound discretion of the court, and plaintiff, to prevail in such an action, must show that he has an immediate, specific, well-defined and complete legal right to the action demanded and, further, that a corresponding duty of an imperative nature rests upon the person against whom the action is brought.

Plaintiffs contend that the applicable Civil Service Act requires the Township of Upper Darby and its board of commissioners to appoint from the eligibility list whenever based from past experience there is a vacancy in the detective bureau.

We hold that this contention is unfounded in the law.

The Civil Service Act only regulates the manner in which a vacancy shall be filled should the governing body decide to make an appointment. The act further regulates the manner in which a person shall be removed from the position.

Plaintiffs contend that the board of commissioners is sidestepping the requirements of the civil service provisions of The First Class Township Code simply by changing the name of the position to which plaintiffs have been appointed. Unfortunately for plaintiffs, they failed to recognize that the board of commissioners has not made any appointments at all. On the contrary, the evidence is clear that the superintendent, without authority from the board of commissioners, assigned plaintiffs to the detective division as criminal investigators. It is true that within the department these individuals were known as acting detectives, but plaintiffs have failed to show any evidence that the board of commissioners is engaged in a subterfuge by abolishing the position and recreating another position with a similar name with substantially the same responsibilities. Therefore, the case of Schearer v. Reading, 346 Pa. 27, 28 A.2d 790 (1942), cited by plaintiffs, is not applicable.

There is no requirement in The First Class Township Code that requires an appointment to be made by the board of commissioners whenever there is a decrease in the number of detectives serving in the bureau. Plaintiffs cite many cases that discuss the definition of vacancy, but it is clear that each of the cases cited involves a position to which the holder of the office is either

elected or appointed. Further, that the office in question is established by statute.

Sections 55530 and 55531 are mandatory in nature. Each section provides that when a vacancy occurs in the office by reason of death, resignation, removal from the township or otherwise the court shall, upon petition of registered electors, appoint a suitable person to fill such vacancy. Other provisions of The First Class Township Code are also mandatory in nature, requiring the vacancy to be filled. No similar provisions exist for the police department.

Testimony of Superintendent Charley clearly showed that he made the assignments to the detective bureau when the board of commissioners failed to act on his recommendation. We hold that the assignment of plaintiffs to the detective bureau by Superintendent Charley is not an appointment, and, further, that there is no duty existing that requires the board of commissioners to make any appointments to the detective bureau. There is no testimony indicating that the superintendent was instructed by the board of commissioners to assign individuals to the detective bureau and, further, that such instruction was given to circumvent the Civil Service Act. On the contrary, it is clear that the superintendent acted without authority and without intructions from the board of commissioners. It is clear that the superintendent cannot bind the township by his action unless he is authorized to act. There is no testimony indicating that the board of commissioners delegated to the superintendent their appointment power. Vacancies exist only when there is a requirement that the particular position be

filled or there is an ordinance of the township establishing the number of persons who shall be detectives.

Therefore, for all the foregoing reasons, we enter the following

### ORDER

And now, October 14, 1976, after hearing testimony in the above matter and upon consideration of the record as well as the briefs, the mandamus action filed on behalf of plaintiffs in the above matter be and the same is hereby dismissed and the verdict is hereby entered in favor of defendants.

The Prothonotary of Delaware County shall promptly notify the parties hereto or their counsel of record of the date of the filing of this decision. If no exceptions are filed hereto within 20 days after notice of the filing of this decision, final judgment shall on praecipe be entered thereon by the prothonotary.

Each party shall bear its own costs.